

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF BELTING & GASKET CO., INC. | CIVIL ACTION |
| VERSUS | NO. 04-2397 |
| SELECT INSURANCE COMPANY, ET AL | SECTION "N" (5) |

## O R D E R & REASONS

Before the Court is the motion of defendants Select Insurance Company and The Travelers Insurance Company of Connecticut ("defendants") to direct entry of final judgment pursuant to Rule 54(b). Rec. Doc. No. 25. For the reasons that follow, defendants' motion is **GRANTED**.

On July 6, 2005, the Court ordered that defendants' Motion for Summary Judgment be granted. On July 20, in light of the Court's previous order, defendants filed the motion presently before the Court, requesting the Court to direct the entry of a final judgment with respect to plaintiff's claims filed against them.

Federal Rule of Civil Procedure 54(b) allows a court dealing with multiple claims or parties to direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties" in a case, "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b). Before directing entry of judgment under Rule 54(b), a district court must first determine that the judgment at issue is a "final judgment" in

that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 7 (1980). The court must then determine whether there is any just reason for delay. *Id.* at 8. The district judge has discretion in this regard. *Id.*

In the instant case, the Court's order granting defendants' motion for summary judgment is a final judgment. Further, using its discretion, the Court finds that there is no just reason for delaying the entry of final judgment. Subsequent litigation could potentially be lengthy and costly. Additionally, subsequent litigation is unlikely to yield any facts which would alter defendants' entitlement to summary judgment.[1] Thus, the Court acknowledges that defendants' motion is well-founded and made in good faith.

The Court further notes that the record reflects that no memorandum in opposition to defendants' motion, which was set for hearing on August 17, 2005, was ever submitted. Local Rule 7.5E of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed <u>and</u> that a copy be delivered to chambers eight days prior to the date set for hearing of the motion.

Because the Court finds that there is no just reason to delay the entry of final judgment with respect to plaintiff's claims against defendants, and because an opposition was not timely filed with

---

[1] The Court notes that currently there are no claims pending in the instant case, as the Court also granted the motion for summary judgment filed by defendant Continental. Therefore, judgments have been made with respect to all of plaintiff's claims against all defendants. Consequently, it is arguably unnecessary for the Court to direct entry of final judgment. However, the Court is granting the motion presently before it out of an abundance of caution. On July 7, 2005, plaintiff filed a motion for leave to file an amended complaint in order to add an additional party. Although the Court granted plaintiff's motion, plaintiff has yet to file an amended complaint. Thus, while there are no claims currently pending against any defendants, this matter is technically not yet closed.

2

respect to the motion presently before the Court, defendants' motion is hereby **GRANTED**, all costs to be assessed against the plaintiff.

New Orleans, Louisiana, this 10th day of November, 2005.

**KURT D. ENGELHARDT**
**United States District Judge**